## WEAVER and others *vs.* WISNER and others.

The plaintiffs, on the 3d of January, 1867, wrote to the defendants, at M: offering to sell them one hundred barrels of apples, delivered in the railroad cars at Havana depot for $3.50 per barrel, stating the kind of apples and their condition. The apples were to be shipped immediately, and for the price the plaintiffs were to draw on the defendants at sight. The defendants replied by letter, that if the apples were of good size, fair and sound, the plaintiffs might ship them at once. On the 10th of January, the plaintiffs shipped one hundred barrels of apples on the cars, directed to the defendants at M.; the defendants not being present at the time of shipment, to receive the apples, nor seeing them until they arrived at M. They were received by the defendants, at M. on the 12th of January. On opening and assorting them, eighty-two barrels were found to be merchantable, and eighteen barrels rotten and worthless. On the 15th of January, before the assorting was completed, the defendants sent the plaintiffs a check for a part of the price. After they had completed the assorting, they sent the plaintiffs a check for the balance of the price of the eighty-two barrels of sound apples, and refused to pay for the eighteen barrels found to be unsound. The plaintiffs returned the checks, and brought an action to recover the price of the whole consignment.

*Held* 1. That the defendants not having been present to receive or accept the apples when delivered on the cars, and they not having paid for, received or accepted them until they arrived at M. it was a case, not of sale and delivery with warranty, but an executory contract to sell and deliver one hundred barrels of good and merchantable apples.

2. That the defendants having received the apples, and not having rescinded the contract, on examination and discovery of the defects, by a return, or an offer to return the property, or giving notice of their refusal to receive the same, and that the apples were subject to the plaintiffs' order, had

Weaver *v.* Wisner.

waived the alleged defects; and their right to recoup the damages arising therefrom, did not survive such acceptance.

3. That the defendants did more than this; they affirmed the contract and their acceptance of the apples thereunder, by a tender of payment for the apples which they conceded to be good.

4. That there having been no delivery with a warranty, it was not a case that should have been submitted to the jury on the questions connected with the recoupment; and the court was right in ordering a verdict for the plaintiffs.

THE plaintiffs are apple dealers residing in Havana, Schuyler county, New York. The defendants are dealers residing at Middletown, Orange county, New York. On the 3d day of January, 1867, the plaintiffs wrote to the defendants that they would sell them one hundred barrels of apples delivered in the railroad cars at Havana depot, for $3.50 per barrel, stating the kind of apples, when and where put up, and where they had been kept, and that they had opened twelve barrels and found that they had kept well, and looked fresh and good. The defendants were to pay the freight and run all risks on the cars. The plaintiffs requested the defendants to write immediately if they wanted the apples. If they did, the plaintiffs would send them immediately, and draw on them, (the defendants,) for the pay, at sight. On the 5th day of January, 1867, the defendants replied by letter, that if the apples were of good size, fair and sound, the plaintiffs might ship them at once, if the weather was mild, if not, to ship them the first mild day and get them off the same day they were shipped, so there would be no delay.

On the 10th day of January, 1867, pursuant to this order, the plaintiffs shipped on board the cars at Havana depot one hundred barrels of apples, directed to the defendants at Middletown. The defendants were not at Havana to receive them, and did not see them till they arrived at Middletown. On the 12th day of January, 1867, the defendants for the first time received the said

apples, at Middletown. They removed them from the cars to their store, and there, the same night, examined a portion of them and found them badly rotted. They then assorted the apples, which took them a week or more, and found that eighty-two barrels were merchantable, and eighteen barrels rotten and worthless. On the 15th of January, 1867, the defendants wrote to the plaintiffs about the apples, and sent a check for part of the purchase price. After they had completed assorting, they wrote again to the plaintiffs, and sent a check for the balance of the price of the eighty-two barrels of sound apples, and claimed that eighteen barrels were worthless, and they refused to pay for them. The plaintiffs returned the checks, and brought this action for the purchase price of the whole consignment of apples. The defendant sought to recoup the damages arising from the rotting of the apples. The court ordered judgment for the purchase price of the whole of said apples, and refused to allow the defendants to go to the jury on the questions connected with the recoupment; and held that the contract was executory, and the defendants had waived the defect in the apples by accepting them. The only question presented for consideration in this court is, was the court right in thus ruling and directing a verdict.

*W. J. Groo,* for the defendants.

*M. M. Mead,* for the plaintiffs.

*By the Court,* MURRAY, J. Unless this was a cause that should have been submitted to the jury on the questions connected with the recoupment, the court was right in ordering a verdict for the plaintiffs, for the whole price of the apples.

The defendants not having been present at Havana to receive or accept the apples when delivered on board the

Weaver *v.* Wisner.

cars, and they not having paid for, received or accepted them until they arrived at Middletown, it is a case, not of sale and delivery with warranty, but an executory contract to sell and deliver to the defendants one hundred barrels of good and merchantable apples.   The defendants having received the apples, and not having rescinded the contract on examination and discovery of the defects, by a return, or an offer to return the property, or by giving notice to the plaintiffs that they refused to receive the same in performance of the said contract, and that the apples were subject to their order, have waived the alleged defects; and their right to recoup the damages arising thereupon does not survive such acceptance.  The defendants did more.   They affirmed the contract and their acceptance of the apples thereunder, by a tender of payment for the apples wich  they concede to be good.   They plant themselves squarely on the position that there was a delivery with a warranty.   That position cannot be sustained in this case.   (*Reed et al.* v. *Randall,* 29 *N. Y. Rep.* 358.) That being so, it was not a case that should have been submitted to the jury on the questions connected with the recoupment, and the court was right in ordering a verdict for the plaintiff.

The motion to set aside the verdict, and for a new trial, should be denied, with costs.

[BROOME GENERAL TERM, November 17, 1868.  *Balcom, P. J.* and *Boardman, Parker* and *Murray,* Justices.]