NEW YORK PRACTICE REPORTS. 447

The Charlotte, Columbia & Augusta R.R. Co., agt. Jesup.

## N. Y. SUPERIOR COURT.

### THE CHARLOTTE, COLUMBIA & AUGUSTA R.R. Co., agt. MORRIS K. JESUP, *et al.*

It is only where an article is contracted for to be applied to a particular purpose, and in such manner that the buyer necessarily trusts to the judgment or skill of the manufacturer or dealer, and not to his own, that there is an *implied warranty* that it shall be reasonably fit for the purpose to which it is to be applied.

*Special Term, February,* 1871.

DEMURRER to complaint.

FOSTER & THOMPSON, *and* T. C. T. BUCKLEY, *for demurrer.*

WARD, JONES & WHITEHEAD, *in opposition.*

FREEDMAN, J.—Where a known, defined and described article is actually supplied according to contract, there is not, as a general rule, an implied warranty that it shall answer the particular purpose intended by the buyer, although that may have been communicated to the seller (*Chanter* agt. *Hopkins,* 4 *M. & W.,* 393 ; *Ollivant* agt. *Bayley,* 5 *Q. B.,* 288.)

It is only where an article is contracted for to be applied to a particular purpose, and in such manner that the buyer necessarily trusts to the judgment or skill of the manufacturer or dealer, and not to his own, that there is an implied term or warranty that it shall be reasonably fit for the purpose to which it is to be applied. (*Brown* agt. *Edgington,* 2 *M. & G.,* 279 ; *Jones* agt. *Bright,* 5 *Bing.,* 533 ; *Story on Sales,* § 371).

The complaint does not set forth any such contract, and

under the contract, which is pleaded, the acceptance ot the goods and their retention, after a reasonable time and opportunity for examination had elapsed, must be held an admission of due performance by the seller, and a waiver on the part of the buyers of all defects in the quality of the goods (*Reed* agt. *Randall*, 29 *N. Y.*, 362 ; *Weaver* agt. *Wisner*, 51 *Barb.*, 641 ; *Leavanworth* agt. *Parker*, 52 *Barb.*, 135 ; *Sprague* agt. *Blake*, 20 *Wend.*, 64.)

Defendants are entitled to judgment upon the demurrer, but plaintiffs may have leave to amend upon payment of costs.