By the Court.—Freedman, J.
It is true, as a general rule, that when a contract of sale is effected by a broker, the memorandum of sale and the bought *413 and sold notes are the evidence of the contract, and that when there is no variance between said notes, no parol evidence is admissible to vary the contract.
But the first question in this case is, whether the contract of sale was effected by the broker, or made independently of him by and between the parties themselves.
Upon the trial the testimony introduced by the defense showed:
That the plaintiff is a resident of London, but carries on business in the city of New York, as a merchant,, through Charles Loewenthal, his agent. The defendants also are merchants, having a store in the city of New York, and another in the city of Philadelphia. In response to a letter written by Loewenthal, dated November 7, 1877, advising the arrival of the shells and requesting an early call, John Thornton, Jr., one of the defendants, called at plaintiff’s office in the city of New York at about half, past ten o’clock in the morning of November 8. Loewenthal then and there said to him that Mr. Ostheimer of Philadelphia, a competitor in business with defendants, had called that morning and would be back at twelve o’clock to take the shells, if the defendants did not desire them; but that he had been put off until that time, because Loewenthal desired to give defendants the preference. Thornton being desirous of purchasing, Loewenthal suggested that he should at once go down to the wharf to look at the shells. Thornton assented to this proposition, and Abecasis, a broker, was sent for by Loewenthal to accompany Thornton, which he did. The shells were found on the dock piled up in cases, and Abecasis hired a cooper to open some of them. Only six cases, selected by Abecasis and thus opened, were examined, and then Thornton inquired whether the balance would run the same. Abecasis assured him that they would, whereupon Thornton returned to the office to complete *414 the trade with Loewenthal before Ostheimer should come back. While there some further discussion ensued between Loewenthal and Thornton, and the broker, who had also returned, and Thornton again asked whether all the shells ran like those that had been shown on the dock. The case does not show precisely to whom this question was addressed or what the answer was, but the defendants, on the direction of a verdict against them, are entitled to the inference that the question was addressed to Loewenthal, and that Thornton received from him an answer which was accepted as satisfactory. The bargain was then finally concluded that the defendants should take the one hundred and two cases of shells at the price of sixteen cents per pound, and that the goods should be sent partly to Philadelphia and partly to defendant’s store in New York. Now, Thornton swears that he concluded the bargain with Loewenthal, and not with the broker ; that there was no necessity for a broker; and that the broker’s note was not received until two days thereafter. Loewenthal himself, when called as a witness for the defense, testified that he sold the shells. It also sufficiently appears, or at least the case is susceptible of the inference, that the defendants received the broker’s note and discovered the fact that the shells did not correspond in quality with those which had been exhibited on the dock, at about the same time, and that thereupon they immediately repudiated their purchase on the ground of such want of correspondence, and offered to return the goods, which offer was declined by the plaintiff.
Though, therefore, the broker had testified that the sale had been made by him, yet in view of the facts as stated, the defendants had a right to have the following questions submitted to the jury:
1. Whether the contract was made with Loewenthal or the broker;
*415 2. Whether, as made, it contained a warranty; and,
3. Whether they were induced by any false representation or warranty to refrain from examining more than the six cases, ■ and to conclude the bargain which they did make, without such further examination.
It is only in cases of executory contracts and without warranty, where, after a reasonable time and opportunity for the examination of the goods has been given, the purchaser fails to return them or to notify the seller to take them back, that the purchaser, by accepting and retaining them, is held to have waived all defects in their quality (Reed v. Randall, 29 N. Y. 358 ; Gaylord Manufacturing Co. v. Allen, 53 Id. 515; Weaver v. Wisner, 51 Barb. 638; Leavenworth v. Parker, 52 Id. 132; Sprague v. Blake, 20 Wend. 64).
But in case of a warranty, hot only is the purchaser not bound to accept what he did not buy, but if he does accept, his right to recoup the damages arising from a breach of the warranty survives the acceptance (Day v. Pool, 52 N. Y. 416 ; Dounce v. Dowe, 57 Id. 16).
From the foregoing premises it follows that the ruling under which the defendants were held bound absolutely by the broker’s note, constituted error. The evidence as to bad quality and inferior value, which was excluded by the court, should have been admitted, and the case should have been submitted to the jury in its different aspects under proper instructions.
The judgment must be reversed, and a new trial ordered, with costs to appellants to abide the event.
Sedgwick, J., concurred.