JACOB G. NEAFFIE, Survivor, &c., *v.* SAMUEL G. HART and another.

(GENERAL TERM, FOURTH DEPARTMENT, JANUARY, 1871.)

Under a contract for manufacture of a steam-boiler according to specifications, and delivery at a specified time upon the vendee's boat, the vendee received the boiler at the time and place; it conformed to the contract apparently, and he built it into his boat for immediate use, in such manner that a removal would cause great injury to the boat; soon after, upon application of tests, it was found to vary materially from the specifications; the vendee did not offer to return, or notify the vendor to take it back. In an action by the vendor upon the vendee's note, given in part payment of the contract price, — *Held*, that evidence to show the inferiority and unsuitableness of the boiler, by reason of the lack of conformity to the specifications, was inadmissible in defence.

*Held*, also, that the vendee was not excusable in retaining the boiler because of any inconvenience or difficulty in inspecting it upon delivery, nor, it seems, unless inspection was altogether impracticable.

MOTION, upon a case and exceptions, for a new trial, heard in the first instance at General Term.

The action was upon a note given to the plaintiff, by the defendant, as part payment of the amount agreed to be paid for the manufacture and delivery of a steam-boiler, under a contract therefor, at a stipulated price.

The case was tried before the court and a jury, and a verdict duly rendered for the plaintiff. The defendants took exceptions, which the court ordered to be heard at General Term in the first instance.

The contract and material facts are stated in the opinion of the court.

*R. H. Tyler* and *D. Pratt,* for the appellant, argued that, in every executory contract to supply a manufactured article for a particular purpose, there is an implied warranty or undertaking that it shall answer the purpose to which it is to be applied; citing Hilliard on Sale, 230, § 23; *Howard* v. *Hoey* (23 Wend., 350); 1 Pars. on Cont., 469; 3 Starkie Ev., 1239; *Gallagher* v. *Waring* (9 Wend., 28); 29 N. Y., 262; 3 Keyes, 45. That the defendants might prove the defects in the boiler, and its want of conformity with the specifications, without returning or offering to return it, as the defects were not apparent, and were discovered only after removal must have been attended with great damage. That notice only, within reasonable time after discovery of the defects, was necessary to entitle the defendants to sustain an action for breach of contract, or set up the breach in defence to an action for the price, they cited 2 Starkie Ev., 1209, claiming the rule in this case to be as there laid down. They cited, also, 2 Smith Lead. Cas., n., p. 15, 16, 17; 29 N. Y., 363; 23 Wend., 351; 18 Johns., 141; 6 Taunt., 108; 14 Conn., 411; 2 Keyes, 315, 319; 18 Wend., 436; 14 N. Y., 593; 12 Wend., 556; 12 Mass., 282; 1 Mason, 437; 2 Conn., 225; Chitty on Cont., 732, 733; 17 N. Y., 173; 13 Wend., 258; 18 id., 187; 5 Denio, 408; 12 J. R., 165; 5 Seld., 93; Chitty on Con., 747; 4 Denio, 558; 1 Com., 305; 14 N.Y., 597.

*J. H. Townsend,* for the respondent.

Present — MULLIN, P. J., JOHNSON and TALCOTT, JJ.

By the Court — JOHNSON, J. This case cannot be distinguished in principle from that of *Reed* v. *Randall* (29 N. Y., 358). The action is upon a note given by the defendants for the balance of the purchase-price of a boiler manufactured by the plaintiff for the defendants, upon a contract to make and deliver the same at a future day for a specified price. The contract was in writing, and by it the plaintiff undertook to build the boiler according to a certain tracing or drawing

accompanying the contract, of the best Pennsylvania charcoal iron, within thirty days of the date thereof, and place it on board the defendants' boat, ready for setting, at the plaintiff's wharf in Philadelphia, where the plaintiff carried on business. There was no warranty expressed in the contract, and, of course, no warranty between the parties, other than that which the law implies. The plaintiff built the boiler, and placed it on the defendants' boat, at the time and place specified. The defendants paid one-half the price in cash, as agreed, at the time of the delivery, and gave the note in question for the balance. The defendants accepted the boiler, affixed it to their boat, and inclosed it therein, and decked the boat over it, and took it to their place of residence or business at Oswego, in this State. There they took a cargo on board the boat for New York. On the 3d of October following, and more than a month and a half after the delivery and acceptance of the boiler, and after the boat had been loaded, the boiler was inspected by a government inspector, as required by the law of Congress, and tested according to law. At a cold water pressure of 123 pounds, one of the stay-bolts in the dome gave out, on account of an imperfect weld. It was then found that there were not stay-bolts enough in the dome, and the iron was not of sufficient thickness to resist a greater pressure. The defendants had the injury repaired, and proceeded on their voyage, and have kept and used the boiler ever since, and never offered to return it, or gave the plaintiff any notice, except by letter, informing him that, upon an application of a cold water pressure of 120 pounds, the dome commenced rising, and one of the stay-bolts gave way on account of an imperfect weld, and inquiring whether they should send to plaintiff their bill of repairs for new stay-bolt. To this letter the plaintiff replied, claiming that the boiler was built according to the contract, and that the defendants had subjected it to a greater pressure, than he had undertaken it should stand or bear.

This is the case, as the defendants offered to prove it, by way of defence to the note. The judge excluded the evidence,

and ordered a verdict for plaintiff for the amount due on the note. This was clearly right, within the case of *Reed* v. *Randall*. It is not material or necessary here to decide what kind of warranty the law would imply and affix to such a contract. The question was, whether the plaintiff had fulfilled his executory contract. The very point decided in *Reed* v. *Randall* was, that, in such a case, the remedy of the vendee to recover damages, on the ground that the article furnished does not correspond with the contract, does not survive the acceptance of the property by the vendee, after opportunity to ascertain the defect, unless the vendee offers to return it, or gives notice to the vendor to take it back on account of the defects, which are truly stated in his notice. The retention of the property by the vendee, without such offer or notice, is a conclusive assent on his part that the contract has been performed.

The same rule precisely was laid down in the case of *Howard* v. *Hoey* (23 Wend., 350), which was also an executory contract for the sale of beer by a manufacturer of that article. This must be regarded as the settled law of this State in regard to executory contracts for the sale and delivery of articles of personal property at a future day. The rule, in its application, will doubtless meet with cases occasionally of hardship; as what general rule does not? But, as was pertinently remarked by Cowen, J., in *Hart* v. *Wright* (17 Wend., 275), "Where is the exception to terminate? If we put ourselves upon difficulty, I know not what may eventually be brought within it." His further judicious observation in the same case is quite appropriate here: "By keeping within the pale of our own authorities, as in duty bound, we avoid, at least, a pilgrimage of litigation, if not a total subversion of the common-law rule." It is always easy to suggest cases of hardship, and occasions for excepting such from the operation of the general rule; but courts cannot act upon any such general principle without endangering the stability and certainty of all rules and the foundations upon which the most common rights rest. It is said that the defendants here could not return the boiler after the defect was discovered, nor reasonably offer to return

it, as such return would necessarily involve the tearing up and partial destruction of their boat. But whose fault was that? Certainly not the plaintiff's. They had ample opportunity to examine and test the boiler before putting it into their boat. At least, the offer does not show that they had not, and the presumption is, they had. If they saw fit to forego this opportunity, it was at their own risk, and not at the risk of the plaintiff. The boiler was delivered by the plaintiff as a fulfillment of his undertaking, and accepted as such by the defendants. That acceptance is binding and conclusive, until the defendants place themselves in a situation to be relieved from it, which they have never done. The fact, if such exists, that the proper examination, at the time of the delivery, would be attended with great inconvenience and difficulty, is of no consequence. The party accepting is not excused, unless such inspection is altogether impracticable, as was expressly held in *Hart* v. *Wright (supra)*. If it cannot be made at the time of delivery, it must be made at the earliest opportunity afterward, and the offer, or notice, must then be given, if the article is then found defective. Here nothing of the kind has been done, at any time; and the ruling at the circuit was clearly right. A new trial must, therefore, be denied, and judgment ordered for the plaintiff, upon the verdict.