KROM v. LEVY, appellant.

*Evidence — book account — memoranda — Contract — defective performance.*

A witness stated that he knew about entries in a book kept by another person, that he made all the memoranda from which the entries were transcribed, that he saw most of the entries at the time they were made or very soon after, that he knew them to be correct at the time, and that he believed the book produced to be the original. *Held,* that the evidence was sufficient to allow the book to be received in evidence.

Where a witness states that he can testify, of his own knowledge, as to the accuracy of the items of a bill, there is no impropriety in allowing him to read the bill for the purpose of supplying the dates and amounts.

Plaintiff agreed to repair, for a certain price, card-cutters for defendant, and did repair them and return them to the defendant who retained them. The materials used in making the repair were defective. In an action to recover the price agreed to be paid for the repairs *held*, that defendant could not resist plaintiff's claim, except by way of recoupment or counter-claim, on account of the defective performance.

APPEAL from a judgment in favor of plaintiffs, entered on the report of a referee. The action was brought by Stephen Krom as survivor for a balance of account for work done and materials furnished by him and John A. Schenck as partners. The referee allowed $63.23, with interest, to the surviving plaintiff, and the defendant appealed from the judgment entered on the report.

*N. B. Hoxsie*, for appellant.

*Coles Morris*, for respondent.

DANIELS, J. The plaintiff's demand was proven in part by his own evidence, accompanying the book of account kept by his deceased copartner. He was asked what he knew about the entries in the book, and the defendant objected to the inquiry as irrelevant and incompetent, because it appeared that his copartner kept the book exclusively, and the knowledge of the witness must necessarily be secondary evidence, and he should be confined to his knowledge of work done for the defendant.

These objections were very properly overruled, because the question simply required the witness to state what knowledge he had concerning the entries; and his answer clearly showed the propriety of the inquiry, for he merely said that at the time they were made he knew them to be correct. The exception taken to this ruling of the referee has no colorable support to sustain it.

Upon his cross-examination this witness stated that he kept all the memoranda from which the entries were transcribed. That they were usually on a slate kept for that purpose, and transcribed from that into the book by Mr. Schenck, sometimes every day and sometimes at intervals of two or three days, and that he generally assisted, reading them from the slate. The items themselves, he stated, were taken orally from the workmen, and some from him-

self. These memoranda were of work done by himself and the other workmen, and all the work they and he did.

He stated farther, that he saw most of the entries at the time they were made, or very soon after, and that he believed the book produced to be the original. It also appeared that the firm did work for the defendant. This evidence was sufficient to allow the book to be received as evidence in the case. *Sickles* v. *Mather*, 20 Wend. 72; *Merrill* v. *Ithaca and Oswego R. R. Co.*, 16 id. 586.

After it was given, and before the book was received, the witness stated that he could relate, of his own knowledge, what the first work was which was done by the plaintiff for the defendant. And as he was about to read from the book the defendant objected that the entries in the book were not evidence, for the reason that Schenck was the proper person to prove them, and that the evidence of the witness, reading from the book, was secondary and incompetent.

These objections were overruled, and the defendant excepted. The witness was then about proceeding with the reading of the entries, when it was agreed he could use the bill of particulars instead of the book, and he did so. But, before reading from it, he stated that he could testify, of his own knowledge, of the accuracy of every item in the bill as to prices, and knew they were reasonable; and added, further, that the work and material mentioned in the bill was done and furnished by plaintiff for the defendant all between May 10th and October 26th, 1862. But he could not give the dates without looking at the book, and he then read from the bill of particulars.

As the items were authenticated by the evidence which the witness gave, there was no impropriety in allowing him to read them for the purpose of supplying the dates and amounts which could not be otherwise given. 1 Greenleaf on Evidence, § 436.

In the case of *Russell* v. *Hudson River R. R. Co.*, 17 N. Y. 134, it was held that a memorandum might be so used by a witness, when it appeared to have been made on or about the time of the transaction to which it relates; that its accuracy is duly certified by the oath of the witness; and that there is no necessity for its introduction, on account of the inability of the witness to recollect the facts. Within these authorities, it was entirely proper to allow the witness to read from the bill, as that was substituted by consent for the book, for the purpose of supplying the dates and amounts which

could not otherwise have been obtained. *McCormick* v. *Pennsylvania Cent. R. R. Co.*, 49 N. Y. 303, 315.

After this evidence was taken, the book was received in evidence at the request of the referee, and without objection. When the plaintiff rested, the defendant moved to have the evidence given by him stricken out, so far as it appeared to be based upon entries in the book. This was refused, and an exception taken by the defendant. The motion was too general to render it practicable. But as the book was so far authenticated by the oath of the witness as to render it evidence in the case upon matters entered in it, and not within his recollection, he had the right, to that extent, to base his evidence upon it.

His evidence, so far, was merely a repetition of the contents of the book, dependent entirely upon the entries made for its weight and effect. Besides that, the examination of the defendant as a witness showed that there was no substantial controversy concerning the amount of work done and materials supplied, for he did not appear to claim that the charges were unfounded or excessive, but simply that many of the items charged in the account appertained to, and were included within, special agreements made for particular jobs of work between himself and the deceased.

The referee was not in error for refusing to strike out the evidence of the witness, nor in permitting him to refer to the entries in the course of his evidence for their dates, amounts, and such other particulars as it would be impracticable for him to give from memory.

Special agreements were made between the defendant and the firm for repairing two card-cutters, and grinding and putting a third in order. The work stipulated for appears to have been performed, and the card-cutters returned to and retained by the defendants. But the material used in repairing and completing the two was either not good or improperly tempered. For that reason the defendant resisted the plaintiff's demand for the price agreed to be paid for the work and material used. This he could not do, after receiving and retaining what had been done. He acted voluntarily in doing that, and for that reason could not successfully resist the claim made for a recovery of the price, so far as the labor and material should prove to be beneficial to him.

The law only allows a party to retain, without compensation, the benefits of a partial performance, where, from the nature of the

contract, he must receive such benefits in advance of a full performance, and by its terms or just construction he is under no legal obligation to pay until the performance is complete. *Smith* v. *Brady*, 17 N. Y. 173, 187.

The authorities cited and relied upon by the defendant, in which it was held that a recovery could not be had by the party partially performing an entire agreement, are all within this principle, and for that reason not applicable to the point made by way of defense to the charges for work and materials upon the card-cutters. The plaintiff and his partner performed all the work and supplied all the material which the performance of their agreement as to card-cutters required. And after that was done, they were received and retained by the defendant. That was such a performance as entitled the plaintiff to recover the price agreed to be paid, subject of course to the defendant's right to reduce it, by way of recoupment or counter-claim, on account of the defective manner in which the work was done. 2 Pars. on Cont. (3d ed.) 246, 247; *Leavenworth* v. *Packer*, 52 Barb. 132; *Neaffle* v. *Hart*, 4 Lans. 4; *Muller* v. *Eno*, 14 N. Y. 597; *Norris* v. *La Farge*, 3 E. D. Smith, 375; *Harris* v. *Bernard*, 4 id. 195; *McKnight* v. *Devlin*, 52 N. Y. 399.

But that defense was not set forth in the defendant's answer, and for that reason it could not have been properly allowed by the referee, even though it appeared in the course of his evidence, given upon the trial. No reason for the rejection of this claim appears by the conclusions of the referee, unless it may be that it was not satisfactorily established. But the condition of the pleadings was sufficient to justify the action of the referee in disallowing it. As they are contained in the case, he could not lawfully have made any deduction from the plaintiff's account by reason of this demand. *McKyring* v. *Bull*, 16 N. Y. 297; *Brazil* v. *Isham*, 12 id. 9. This is a defect which cannot be disregarded or supplied for the purpose of reversing the judgment.

The defendant had his election to set this claim up by way of defense, or reserve it for an independent action in his own behalf. *Gillespie* v. *Torrance*, 25 N. Y. 306.

By omitting to allege it in his answer, he must be presumed to have elected not to rely upon it as a defense to the claim made by the plaintiff for the work done upon the card-cutters. As this defense was not involved in the action, it is unnecessary to examine the defendant's exception to the evidence given, showing that the

defendant made no claim that the work done or materials furnished for the card-cutters were in any respect defective. At the same time no reason exists for doubting its propriety, since it would have a slight tendency, certainly, to show that both had proved satisfactory.

The breach of the contract made by the plaintiff and his partner, for planing and cutting the back form, was set forth in the answer. And the defendant was allowed $125 by way of damages for its non-performance. It was claimed that a farther allowance should have been made for the difference in the value of the form and the price for which it would sell as old metal. This claim was made upon the ground that it had been rendered useless by the work performed upon it. The only evidence, supporting that position, was that which the defendant himself gave as a witness, while that of Hookey and Tucker, who were produced as witnesses in his behalf, failed to sustain him in this respect.

They described it as a casting on which work had been done, but not in such a manner as to injure it. The evidence they gave fully justified the referee in his conclusion upon this subject.

But one of these witnesses, who seems to have been fully competent to form an accurate judgment as to the expense of performing the agreement made, testified that it would cost $150 to do the work upon it which the plaintiff and his partner undertook to perform; and that ten or fifteen dollars' worth of the work only had been done upon it.

That does not appear to have been allowed to the plaintiff, and cannot be said to be included in the bill of particulars. The defendant has consequently derived that amount of benefit from the partial performance shown, without cost or expense upon his part; to complete the work contracted for, requiring an expenditure of $135 or $140. And that included the contract price of $15, which the defendant agreed to pay the plaintiff and his partner for it.

As that was not paid by the defendant, but would have been, if the contract had been performed by them, it should be deducted from the damages arising out of their failure to perform. And that deduction will reduce the damages to the amount allowed by the referee. It placed the defendant precisely where he would have been if that agreement had been performed as it should have been.

No reason can be found for doubting the legality of the conclu-

sion stated by the referee. The judgment, therefore, should be affirmed, with costs.

DAVIS, P. J., and WESTBRROOK, J., concurred.

*Judgment affirmed.*