CHRISTIAN HEYDECKER, Appellant, *against* JOSIAH LOM-
BARD *et al.* Respondent.

(Decided February 5th, 1877.)

Where the defendants agreed to sell and deliver to the plaintiff oil of a specified
quality, and in fulfillment of that contract tendered certain oil which the plaintiff,
after an actual inspection and examination of it, accepted and shipped to Havre,
where a certain portion of it was discovered to be of an inferior quality, but the
plaintiff did not offer to return any of it to the defendants but sold the entire
quantity and received the proceeds: *Held* (following *Reed* v. *Randall*, 29 N. Y. 358),
that the plaintiff could not make any claim for damages on account of the inferior
quality of the oil. .

Where the plaintiff, upon discovering that certain oil that had been delivered to him
under an executory contract of sale, was of a quality inferior to that called for
by the contract, notified the defendants of the fact and asked them for directions
about it and was told to do every thing that the claim might be well established
against whom it might concern: *Held*, that this did not amount to an offer to
return the oil and a refusal to accept it.

APPEAL by the plaintiff from a judgment of this court
entered on the report of Livingston ' K. Miller, Esq., as
referee to hear and determine the issues.

The action was brought to recover damages for the failure
of the defendants to deliver to the plaintiff crude petroleum
of the quality called for by the contract for the sale thereof
made by the defendants.

The contract of sale was made through brokers and evi-
denced, as against the defendants, by a bought note in the
following form :

NEW YORK, Oct. 10th, 1867.

Bought for account of Mr. Christian Heydecker, of
Messrs. Lombard, Stevens & Co. (about), three thousand
(3,000) barrels crude petroleum, free from water and sediment;
gravity 40° at 47°, at twenty-one (21) cents per gallon, cash,
packages included, deliverable in prime shipping order free
to vessel loading at Venango or Red Hook yards, as sellers
may direct. Delivery to be completed within twenty (20)
days, none to be delivered sooner than five days. * * *

TAFT, LEE & Co., Brokers.

(*Written across the face*)—Accepted.—Lombard, Stevens & Co.

The complaint alleged that of 2,993 barrels of petroleum delivered to the plaintiff by the defendants under this contract, 1,000 barrels were not of the quality called for thereby, and that in consequence thereof (the plaintiff having paid the full purchase price) he had been damaged in the sum of $10,000.

The complaint also alleged that upon discovering the inferior quality of the oil the plaintiff had tendered it back to the defendants, who had refused to accept it. The evidence upon the question of the offer to return is stated in the opinion.

The answer admitted the making of the contract by the defendants and the delivery of the oil thereunder, and alleged that the plaintiff, with full and fair opportunity for inspection, and after actual examination and inspection, had received and accepted it under the contract without objection. The answer also denied that any of the oil delivered was of a quality inferior to that called for by the contract, and denied that there had been any offer to return.

The referee in the opinion accompanying his report based his decision upon the fact that the plaintiff had accepted the oil after an actual inspection and examination of it by an inspector appointed by him, and that there was no evidence from which any inference could be drawn that the defendants after this inspection had substituted other oil in the place of that so inspected.

*Alfred Dickinson*, for appellant.

*Joseph H. Choate*, for respondents.

LARREMORE, J.—On Oct. 10, 1867, the parties entered into an executory contract for the purchase and sale of 3,000 barrels of crude petroleum, as per broker's memorandum of sale. Of this quantity 1,000 barrels had been purchased by the defendants from the Sterling Oil Works, in order to complete the contract. After an inspection made by plaintiff's agent of all the oil, it was delivered, accepted

Heydecker v. Lombard.

and paid for. Plaintiff shipped it to Havre where, after further inspection, the 1,000 barrels that had come from the Sterling Oil Works was alleged to be of a quality inferior to that called for by the contract, was sold at a diminished price, and the plaintiff sues for the difference in value. The case was referred and tried. The referee found in favor of the defendants and plaintiff appeals.

There was no warranty on the sale, and plaintiff should have offered to return the oil before bringing suit (*Reed* v. *Randall*, 29 N. Y. 358).

The testimony is not sufficient to sustain an offer to return and a refusal to accept. Plaintiff testified that he told Lombard the news from Havre about the oil, and asked his directions in the premises ; that Lombard answered, " Tell them or write to them to do everything legally, in order that the claim may be well established against whom it may concern." Lombard testified, " I told him if I was in his place I would have the matter put in such a shape that the evidence would be legal. That was the best advice I could give him. He asked what directions he should give to Havre; to that I answered I had nothing to do ; I did not tell him what to do." Nor is the testimony sufficient to sustain the special agreement set forth in the complaint that defendants would indemnify plaintiff and pay him for any loss sustained. On the contrary, the only agreement proved was that of Oct. 10, 1867.

From the alleged fact that the oil, after its transportation to Havre, was inferior in quality to that inspected and accepted by the plaintiff, he asks the court to infer that defendants are chargeable with a fraud in substituting other oil in place of that inspected. Upon the question of quality the testimony was conflicting, and the referee has found in favor of the defendants. The judgment appealed from should be affirmed.

CHARLES P. DALY, Ch. J., and ROBINSON, J., concurred.

Judgment affirmed.