By the Court.
Ingraham, J.
The dies and medallions were delivered to the defendants in November and December, 1881. They were not satisfactory, and were returned to plaintiff to be improved. Plaintiff attempted to improve them, and finally delivered them to defendant a day or two before February 8, 1882. On February 8, the plaintiff called on defendant and presented a bill for the articles delivered, and demanded payment, Defendant said they were not satisfactory, did not conform to the contract, and that he would not pay for them.
So far the evidence is undisputed. Plaintiff testified that three or four days after the presentation of the bill he called again on defendant and demanded payment of the bill or the return of the dies ; that defendant refused to pay or deliver the dies.
The defendant testified that he was not present at the second demand, but that he was telephoned to from the factory that Mr. Norton had come or had sent for the dies, and that he, defendant, telephoned back not to deliver' them, that he wished to have counsel’s advice as to how he should act in the matter.
*497 The facts that defendant had refused to pay the bill, and demand was made for the return of the property, which was refused, were not disputed. Nor was there any evidence to show that at any time defendant offered to return the dies to plaintiff until February 14, the day the summons was served.
The rule is well settled by a long line of authorities, that in an executory contract for the manufacture and sale of goods, an acceptance of the goods after an opportunity to examine them, is a consent and agreement that the quality is satisfactory. The purchaser must return or offer to return the goods at once (Gurney v. The Atlantic and Great Western R. R. Co., 58 N. Y. 358 ; Gaylord M’f’g. Co. v. Allen, 53 Ib. 515 ; Reed v. Randall, 29 Ib. 358; Parks v. Morris Ax and Tool Co., 54 Ib. 586 ; McCormick v. Sarson, 45 Ib. 265).
The fact that he objected to the quality of the goods and refused to pay is not an offer to return or a refusal to accept (Heydecker v. Lombard, 7 Daly, 19).
In this case there was not only no offer to return, but after the objection of the defendant to the quality of the goods, the demand of the plaintiff for the return of the goods was refused,
It cannot be said that this demand of plaintiff rescinded the contract. There had been no offer to return, no claim that the contract should be rescinded. Defendant only refused to pay the purchase price. Plaintiffs then demanded the money or the goods. Defendant had his election to rescind the contract and return the goods, or to hold on to the goods and the contract and claim any damage that he might have sustained for a breach of the warranty. He elected to retain the goods, and the court below was right in holding that the defendant was liable for the purchase price.
The acceptance of the goods did not prevent the defendant, in an action for the contract price, from setting-up as a counter-claim and recovering any damage that he *498 sustained by reason of a breach of a warranty (Day v. Pool, 52 N. Y. 416).
This fact must be alleged and proved as a counterclaim in favor of the defendant and against the plaintiff, and not as a defense to an action for the purchase price. In this case, no such counter-claim was pleaded in the answer. ■ Defendant as a defense alleged that the goods were not as warranted, and an offer to return, but this they failed to prove.
The defendant, as a counter-claim, did allege that plaintiff promised to furnish the dies by January, 1882, and that, by the failure to make such delivery at such time and in time for the spring season, he sustained damage to the amount of $2,000. No damage for breach of this agreement was proved, and the court was, therefore, right in holding that plaintiff was only entitled to recover for such breach nominal damage.
The letter of February 14,1884, was dated on the same day that the summons was served. No proof appears to have been offered that it was ever sent to the plaintiff. Plaintiff was asked, on cross-examination, whether he had received a letter from the defendant. The question was •objected to, and it does not appear that any ruling was made on the objection, or that the question was answered.
This disposes of the questions raised, and as there was ■no error in the ruling of the court below, the judgment should be affirmed, with costs.
Sedgwick, Ch. J., and O’Gorman, J., concurred.