JACOB MESSENGER and another, Respondents, *v.* WILLIAM
PRATT, Appellant.

(GENERAL TERM, THIRD DEPARTMENT, OCTOBER, 1870.)

Where, in an action for breach of warranty, the plaintiff proved, that upon
sale of an article not then present, the color of which was a criterion of
its quality, the vendor pointed out a certain color, and stated that the
article would "run about that color."—*Held*, that the evidence was suffi-
cient to support a finding of sale with warranty.

*Held* further, that the plaintiff could recover, although he had not offered
to return the goods, so sold and delivered by the defendant.

THIS was an appeal by the defendant from a judgment
entered against him upon the report of a referee.

The plaintiffs brought their suit to recover damages for a
breach of warranty, and gave evidence, that the defendant
came to their store in Albany, and offered to sell a quantity
of grease, which he had on hand in Greenbush, at a price
named; that the plaintiffs inquired as to the color of the
article, and asked to see a sample of it; that the defendant
had no sample with him, but pointed out a certain book in
the plaintiff's store, saying that "it will run about that color;"
and that thereupon the plaintiff offered to purchase at nine
and one-fourth cents per pound, which offer the defendant
accepted, and promised to inform the plaintiff's of the weight
of the grease on the next day, which he accordingly did,
and then received the plaintiff's check for the sum due,
which was paid upon presentation. That the grease was
delivered a few days after the check had been given, and
stored by the plaintiffs, who, after the lapse of some two
weeks sold a portion of it; the purchasers returned it to the
plaintiffs on account of its bad quality. The plaintiffs, a few
weeks after, sent the grease which was of bad quality and not
of color as represented, to commission merchants in New
York, with directions to sell at the best advantage. The
referee found facts as stated in the opinion of the court, and
rendered judgment as stated.

*S. F. Higgins*, for the appellant.

*M. H. Dorr*, for the respondent.

Present—MILLER, P. J., POTTER and PARKER, JJ.

By the Court — PARKER, J.   This action is brought to recover damages for an alleged breach of warranty, upon the sale by the defendant to the plaintiffs of a quantity of grease.

The action was referred to a referee, to hear and determine the issues in the case, who found for the plaintiff's, and ordered judgment in their favor.   From the judgment entered on the report this appeal is brought.

In regard to the fact of a warranty, that is found by the referee, to have been made at the time of the sale of the grease, upon evidence sufficient to warrant such finding. The plaintiff, Messenger, testified that during the negotiation between him and defendant for the grease, he asked defendant with regard to the color; " defendant then pointed to an express book of about the color of the piece of paper upon the book, which I now produce and exhibit, and said it will run about that color."   This was such a positive affirmation in regard to the color of the article (which it appears was a criterion of its quality), as might well operate as an induce-ment to the contract, and amounted, therefore, to a warranty, and sufficiently supports the finding of the referee in that regard.

That this representation as to the color, was not in accord-ance with the fact, is fully shown, so that the breach of war-ranty found by the referee is fully sustained by the evidence.

Defendant's counsel insists that the contract, as made, was an executory contract, and that the remedy of the plaintiffs was, to return the property if it did not, on delivery, answer the recommendation, and that no action for a breach of war-ranty lies, and cites *Reed* v. *Randall* (29 N. Y. R., 358).   The circumstances of that case were very different from this. There, the sale was of an ungrown crop of tobacco, and the

undertaking of the defendant was to sell to the plaintiffs the crop of tobacco, and to deliver it well cured and boxed, and in good condition. In regard to this, the court say: "The contract was executory, for the sale of a growing crop of tobacco, to be delivered the spring following, well cured, and in good condition. The article bargained for, and to be furnished in the future was, a *merchantable* crop of tobacco. This was what the vendor agreed to sell, and the vendee to purchase. It was the sale of a particular thing by its proper description merely; and the descriptive words used for defining the thing agreed to be sold, were of the substance of the contract, not collateral to the main object of it." Hence it was argued and held, that there was no warranty, and that a breach of the contract, was not a breach of warranty, but a mere non-compliance with the contract that the defendant had agreed to fulfill.

In the case at bar, as we have seen, there was an express warranty of an existing quality in the thing sold. It is like the case of *Muller* v. *Eno* (14 N. Y. R., 597). That was the case of a sale of fourteen bales of lawns by sample, the goods being at the time in the bonded warehouse, not having been opened since their importation. The warranty was, that the goods corresponded with the sample, which was of sound goods. The defendants, immediately after the purchase, commenced to sell the goods, and had disposed of a portion of them at private sale, when they discovered them to be damaged. In an action by the vendors for the price, the vendee set up the breach of warranty as a recoupment, and it was held, that he might rest upon the warranty, and was 'not bound, on discovering that the goods were damaged, to return them, but was entitled to recoup his damages arising from the breach of the warranty.

The doctrine of that case applies to this, and decides it in favor of the respondents.

Some exceptions to evidence admitted were taken by defendant, but these, except one, relate to evidence on the subject of damages.

The sale to plaintiffs was made in Albany, at nine and one-fourth cents per pound. It was proved by evidence, uncontradicted, that it would have been worth at Albany ten and one-half cents per pound, had it been as warranted, while as it was found to be by the referee, it was not worth then, more than eight to eight and one-fourth cents per pound. The referee found $169.76 damages, of which the defendant cannot complain, this being less than the plaintiff was entitled to, under the rule applicable to the case. The quantity sold was 9,928 pounds. This, at ten and one-half cents per pound, would amount to $1,042.44, while at eight and one-fourth cents per pound, it would amount to $819.06. The difference between these two sums, that is, the difference between what it was in fact worth, and what it would have been worth if it had been as warranted, being the true measure of damages, is $223.38. The evidence complained of, related to what the grease was sold for by plaintiffs in New York, and the market price of the article there, which the above computation shows, did not prejudice the defendant. Its admission, therefore, though erroneous, is no cause of reversing the judgment.

The other evidence excepted to, was as follows: "The grease sold to Phelps Brothers & Co. (part of that sold by defendant to plaintiff), was returned to the plaintiff's store; I saw some of the grease after that laying on a board in the plaintiff's store; I noticed it as I was passing by; some of it was very black for gut grease, some of it gray color." This evidence was clearly competent upon the question, whether the grease came up to the warranty, and the exception was not well taken.

I see no error for which the judgment should be reversed, and think it should be affirmed with costs.