Action for damages for alleged breach of warranty upon a contract to sell and deliver to plaintiffs, at a future day, eighty barrels of rock-candy syrup. The contract of sale with warranty was proved, or sufficiently so for the jury, and the breach; but it also appeared in proof that the plaintiffs, after receiving the syrup, and discovering its failure to comply with the warranty, proceeded to use it in their business of wine manufacture, and neither returned nor offered to return it. Upon this ground the plaintiffs, on defendants' motion, were nonsuited at the circuit. It appeared *Page 418 
that the plaintiffs required and desired to purchase for their business, in a western county, an article of rock-candy syrup "that would not crystallize, or the sugar fall down," in its use.
This the defendants, merchants in the city of New York, undertook to sell to them, and to warrant in these respects. The syrup was manufactured in Boston; but samples of the syrup were shown at the time of the contract to the plaintiffs. It was to be ordered by defendants from Boston. It was all to be sent to plaintiffs by the fifteenth of October then next, in two car loads.
It was in fact delivered in small parcels, at different times, up to the last of November.
The plaintiffs complained of the deficiency of the syrup at various times to the defendants while they were delivering it; at one time sent a sample of that already received, complaining of its deficiency; and the defendants promised to correct it (though they insisted it was then sound). If not, they could "do it at the end." The plaintiffs paid for the syrup in full before suit.
The question presented is, did the plaintiffs' claim for damages survive their acceptance and use of the syrup, or were they bound to return or offer to return the defective syrup as soon as its deficiency was discovered? In other words, were they bound to rescind the contract, or could they use the syrup and rely upon their warranty?
There seems very little authority upon this precise point in this State, viz., as to an executory sale, with warranty as to the quality of the article contracted for.
It is well settled that, upon a sale and delivery in presenti
of goods with express warranty, if the goods upon trial or full examination turn out to be defective, and there is a breach of the warranty, the vendee may retain and use the property, and may have his remedy upon the warranty without returning or offering to return. In fact, it seems to be regarded as settled in this State, though, perhaps, not necessarily determined in any case, that he has no right *Page 419 
to return the goods in such case, unless there was fraud in the sale. It is not necessary to decide that point in this case. (Voorhees v. Earl, 2 Hill, 288; Muller v. Eno,14 N.Y., 597; Best v. Eckle, 41 id., 488; Foote v. Bentley,
44 id., 166; see, also, Story on Sales, § 421, and cases cited;Thornton v. Wynn, 12 Wheat., 183.)
In Massachusetts and in Maryland the vendee has his option to retain and use the property and recoup, or sue on his warranty; or he may return it, rescind and sue for the consideration. (Dorr v. Fisher, 1 Cush., 271; Bryant v. Isling, 13 Gray, 607; Hyatt v. Bayle, 5 Gill J., 121; Franklin v. Long,
7 id., 407; Butler v. Blake, 2 Har J., 350.)
In addition to the mere contract of sale, in an executory as well as on a sale in presenti, a vendor may warrant that the article shall have certain qualities. This agreement to warrant in an executory contract of sale is just as obligatory as a warranty on a present sale and delivery of goods. Is there any reason why the vendee, in such executory contract of sale, may not rely upon that warranty to the same extent as upon a warranty in a present sale and delivery of property?
Had this syrup been all present when purchased, and the plaintiffs (the purchasers) given it all reasonable examination, without any actual trial, there could have been no legal objection to the defendants' warranty, that it would "not crystallize, or the sugar fall down," in its use.
Upon such a warranty the plaintiffs might have used the syrup without returning it, though found to be defective, and relied upon their warranty. This is well settled law.
Why might they not likewise rely upon a like warranty in this executory contract?
I confess myself unable to see any controlling reason for a legal difference.
In a present sale with warranty it is expected, of course, that the vendor incurs the peril of defects being developed, in the property warranted, after its delivery to the purchaser. He warrants against that. He does precisely the same upon a warranty in an executory contract. *Page 420 
If it be dangerous to allow this defect to be discovered by the purchaser in the one case, without any return of the property, it is no more so in the other.
I see no reason why the same rights and remedies should not attach to a warranty in an executory as in a present sale, and no greater. The purchaser in an executory sale could not rely upon a warranty as to open, plainly apparent defects any more than he could in a sale in presenti.
The appellant greatly relies upon the nisi prius case ofHopkins v. Appleby (1 Stark., 388), tried before Lord ELLENBOROUGH, which was an action for goods sold and delivered, warranted to be of the best quality Spanish barilla and salt barilla. The defendant had consumed the article purchased in eight successive boilings, without giving notice of its defect or offering to return it; and he attempted to show that the quality could not be ascertained by mere inspection without actual experiment. Proof to the reverse of this was also given. The court held that he ought to have given notice of the defect in an early stage, so that the vendor might have sent there and ascertained the cause of the failure; and be disallowed the claim.
That case has not been followed in the English courts. It is distinctly overruled in Poulton v. Lattimore (9 Bar. Cr., 259). There the buyer neither returned the seed bought nor gave any notice of its defect; but as there was an express warranty, the defects, by the breach thereof, were allowed to defeat the action for the price. This in 1829
Nor does it seem to have been the law of England prior to that decision. (Filder v. Starkin, 1 H. Bl., 17; and see Story on Sales, § 405, and cases there cited; also § 422, and note 2, and cases cited.)
The counsel also insists that the cases of Reed v. Randall
(29 N.Y., 358), McCormick v. Dawkins (45 id., 265), and cases there referred to, sustain this nonsuit. Neither was a case of warranty; and each one that speaks upon the subject expressly excepts the rule there laid down from a case of warranty as inapplicable. *Page 421 
In Neaffie v. Hart (4 Lans., 4) there was claimed to have been an implied warranty. The court held that it was not taken out of the rule of the above cases.
In my opinion, where there is an express warranty the purchaser, whether in an executed or an executory sale, is not bound to return the property upon discovering the breach, even if he have the right to do so.
See the cases as to the right to return property purchased upon warranty, before cited; also those from Massachusetts and from Maryland; also Messenger v. Pratt (3 Lans., 234). All agree that he is not bound to return property warranted upon discovering the breach. Reed v. Randall (29 N.Y.) would have been decided the other way had there been an express warranty as to the quality of the tobacco. The court held there was no warranty, and that was the ground of the judgment.
Foot v. Bentley (44 N.Y., 166) substantially decides this case. The action in respect to the warranty was held to lie, though the tea was not returned when its defects were discovered; but the judgment was reversed upon another ground. (Muller v.Eno, 14 N.Y., 597.)
The maintenance of this action does not at all conflict withHopkins v. Appleby (supra).
Here notice was given of the defects in the syrup at an early stage, and the defendants promised to attend to it. They also apparently acquiesced in the plaintiffs' use of it, virtually promising to make it right if it did not prove to be sound rock-candy syrup. It would scarcely be just now to allow the defendants to take advantage of the non-return of the syrup under such circumstances.
Of course, there is danger of fraud and false claims, even where there is an express warranty, when notice is not early given of the defect. It leads the buyer into temptation. Hence, juries should listen to such claims (never presented when their falsity could have been ascertained) with great caution. The proof thereof should be more clear than if the buyer had acted with the frankness of an honest man, willing *Page 422 
to allow his claims to be tested. This is so declared by courts, while the rule is maintained as to an express warranty as above stated.
The order of the General Term granting a new trial is, therefore, affirmed, and judgment absolute given for the plaintiffs.
GROVER, FOLGER and RAPALLO, JJ., concur.
CHURCH, Ch. J., ALLEN and ANDREWS, JJ., dissent.
Order affirmed and judgment accordingly.