ADOLPH G. MARSHUETZ AND LEONARD W. MACK, APPELLANTS, v. CORNELIUS McGREEVY, RESPONDENT.

*Executory contract of sale — right of the vendee to set up a breach of warranty without returning the goods.*

Where upon an executory contract for the sale of a cask of gin, the vendor represents it to be of good quality and to be worth more than the price paid for it, and at the same time exhibits a sample of gin which is of a good quality, the vendee is entitled to a reasonable time to examine the gin after its arrival, and may, if it proves to be inferior to the sample and of poor quality, set up the damages arising from the breach of warranty as a defense to an action brought to recover its price, although he has not returned or offered to return the gin, but has retained and used the same.

APPEAL from a judgment of the Steuben County Court, entered upon the report of a referee in an action brought into that court by appeal from a justice's judgment.

*C. E. Beard* and *De Merville Page*, for the appellants. This was an executory contract, and all the defects being visible and capable of discovery by ordinary observation, the defendant was bound to return, or offer to return, the gin. (*Gaylord Mfg. Co.* v. *Allen*, 53 N. Y., 515; *Brown* v. *Burham*, 4 Hun, 227; *Reed* v. *Randall*, 29 N. Y., 358; *Rust* v. *Eckler*, 41 id., 491.)

*Holliday & Bingham*, for the respondent. The purchaser was entitled to receive and make use of the property, and can only be made liable in an action upon contract and compelled to pay the actual value and not the contract-price, if the article or property does not agree with the sample and warranty. (*Voorhies* v. *Earl*, 2 Hill, 288; *Muller* v. *Eno*, 14 N. Y., 597; *Best* v. *Eckle*, 41 id., 488; *Foote* v. *Bentley*, 44 id., 166; Story on Sales, § 421; *Thornton* v. *Wynn*, 13 Wheat., 183; *Day* v. *Pool*, 52 N. Y., 416.) The vendee having retained the goods, or gin, had the right in this action to recoup his damages against the purchase-price, as the right of action for a breach survives the receipt and use of the goods. (*Waring* v. *Mason*, 18 Wend., 425; *Burne* v. *Dodd*, 5 N. Y., 95; *Reed* v. *Randall*, 29 id., 358; *Foote* v. *Bentley*, 44 id., 166; *Muller* v. *Eno*, 13 id., 597; *Bennet* v. *Cook*, 45 id., 265; *Day* v. *Pool*, 52 id., 416.)

SMITH, J. :

This action was brought to recover the balance of the purchase-price of a cask of gin sold and delivered by the plaintiffs to the defendant. The plaintiffs were wholesale liquor dealers in the city of New York. The referee found that in June, 1876, the plaintiffs, by their traveling agent, Coshland, agreed to sell to the defendant a cask of " Tom " gin, containing about twenty gallons, at the price of two dollars per gallon, to be forwarded by the plaintiffs to the defendant at Hornellsville, out of their wholesale stock in New York, at a credit of sixty days from the date of the bill. He also found that Coshland represented the gin to be of good quality, and that it gave general satisfaction and was worth more than two dollars a gallon, and that at the same time he exhibited to the defendant a sample of gin which was of good quality and a good article of " Tom " gin. The cask of gin containing twenty-two and a half gallons, with the bill, was sent by the plaintiffs and received by the defendant soon after the twentieth of June. The cask was not opened or the gin examined by the defendant until the twenty-sixth of September, when he examined the gin and found it of poor quality and unfit for use in his business. It was not of the same kind or quality as the samples exhibited to the defendant at the time of the sale. The defects were discoverable by tasting and smelling the gin. On fourth of October the defendant sent to the plaintiffs a draft of thirty dollars to apply on the gin, and at the same time informed them by letter that the gin did not come up to the standard and that he would settle with them for the balance. The defendant paid nothing more. He did not offer to return the gin, and he disposed of the same. The referee found that the sum of seventeen dollars and fifty cents of the purchase-price was unpaid, and that the gin was not worth more than one dollar per gallon, and he held that the defendant is entitled to judgment for costs.

The appellants contend that as the sale was executory and the defects complained of were capable of discovery by ordinary observation, the defendant's claim for damages did not survive his acceptance and use of the gin. We do not concur in that view of the case. The sale was with warranty as to the quality, and as the liquor could not be examined while it was inclosed in the cask in which it was shipped, the vendee had the right to rely upon the warranty,

and he was not required to open the cask and test its contents at the time of delivery. It is not found that his delay in opening the cask and examining the liquor was unreasonable. When he did examine the gin and found that it was defective, he was not bound to return or offer to return it, and his remedy upon the warranty was not lost by his retaining the gin and using it. (*Day* v. *Pool*, 52 N. Y., 416.) Upon this principle the case was disposed of by the referee.

A single question of evidence is presented. The defendant was examined as a witness in his own behalf, and he was permitted to testify against the objection and exception on the part of the plaintiffs, that after the trial before the justice, Coshland, the plaintiff's agent said to him that he thought the gin was bad. The testimony was inadmissible, there being no evidence that Coshland at that time was acting for his principals. But there is other evidence in the case of the bad quality of the gin, so ample and conclusive as to show very clearly that the error above pointed out did not affect the result. It should, therefore, be disregarded.

The judgment should be affirmed.

TALCOTT, P. J., and HARDIN, J., concurred.

Judgment affirmed.