Brigg v. Hilton.

---

JOHN F. BRIGG *et al.*, Appellants, *against* HENRY HILTON *et al.*, Respondents.

(Decided January 12th, 1883.)

Upon an executory sale of goods to be manufactured, an express agreement that the goods shall be equal in quality and characteristics in every respect to other goods exhibited at the time, is a warranty of quality, for the breach of which the buyer may recover damages without returning the goods.

In a verdict for damages in such a case, the jury stated that they found "for the amount of goods claimed to be damaged at purchase price, . . . . . same to be returned," a certain sum. *Held*, that the statement that the goods should be returned was mere surplusage, and could be disregarded.

---

APPEAL from a judgment of this court entered upon the verdict of a jury and from an order denying a motion for a new trial.

The action was brought to recover the sum of $1,970, the price of goods sold and delivered by plaintiffs to defend-- ants. Defendants set up a counter-claim for breach of warranty on a previous sale of cloakings for which they had paid plaintiffs the full agreed price, $8,883.50. Plaint- iffs denied the warranty.

The sale of the cloakings in question was upon an executory contract, by which plaintiffs, a New York house, took an order from defendants in February, 1880, for cloths to be manufactured by Geo. Ellison Nephews, of England, and delivered in June and July. Mr. Entz, one of the plaintiffs, exhibited certain samples of cloakings to Mr. Bull, of the defendants' woolen department, at the time of taking the order, and the goods were ordered by Mr. Bull from the samples. Mr. Bull testified that it was agreed between Mr. Entz and himself, at the time of giving the order, that the goods ordered were to be equal in quality to the samples, and the general characteristics of the goods all through were to be equal in every respect to the sample. Mr. Entz denied this, and said that it was understood that the samples should represent the style; that not a word was said to Mr. Bull from which he could infer that the samples were samples of goods plaintiffs could furnish if ordered; that nothing whatever was said about character or quality of the goods; that the plaintiffs' trunk of samples was sent up to Mr. Bull and he selected the goods in Mr. Entz's absence, nothing being discussed between them but price.

After the goods were delivered the defendants retained them some two months without examination, but then, dis- covering that the goods were not equal to the sample in quality and texture, but were tender and rotten throughout, notified plaintiffs that they held the goods subject to their order. The plaintiffs, denying that there was a warranty

in the sale of the goods, insisted that the defendants were bound, as in the case of ordinary executory contracts, to examine and return the goods at once if found to be unmerchantable; and that, having retained them without examination, their acceptance of the goods was to be assumed, and their right to reclamation was gone.

Defendants claimed that their acceptance of the goods and retaining them without examination was induced by the act of the plaintiff in sending to them, immediately prior to the delivery, sample cards with samples cut from the cloth in each bale, and purporting to represent the cloth in bale, and that such samples were of sound merchantable goods and were false representations as to the quality of the goods in the bales. This false representation, it was claimed, induced the acceptance of the goods. Mr. Entz testified that he understood the samples to be samples cut off the respective bales of goods, exhibiting the character and quality of the goods in such bales, and that he sent them to Mr. Bull, at his request. They were cut off the end of the piece and delivered with the cases. In this instance, at Mr. Bull's request, they were delivered before the cases.

The Judge left the case to the jury on two questions of fact: 1st, was there a warranty; 2d, were the defendants prevented from making an examination of the goods by the sending of the sample cards. The jury were directed to find specially on the question of warranty; and therefore to the question, "Did Entz say to Bull the goods that were to be furnished would be equal in quality to the small pieces of goods that were exhibited when the goods were ordered?" they answered, "Yes."

The jury stated also that they found "for defendants for the amount of goods claimed to be damaged at purchase price, $3.25 per yard, same to be returned, less amount of plaintiff's claim; 1,970⅝ yards, at $3.25, $6,464.53—$2.118 = $4,286.53, for defendants.

The plaintiffs asked a reversal on the grounds that: 1st, there was no proof of warranty; 2d, no fraud in inducing

acceptance; 3d, errors in rulings upon the trial; 4th, unau-
thorized and irregular verdict.

*Blumenstiel & Hirsch*, for appellants.—The testimony did
not establish any warranty or sale by sample. To consti-
tute a warranty it must appear that the affirmation *was
intended* by the parties as a warranty. The representation
must be one which the defendants relied upon, and not one
which the parties understood as a mere expression of opin-
ion (*Warren* v. *Van Pelt*, 4 E. D. Smith 205; *Sweet* v. *Col-
gate*, 20 Johns. 196; *Seixas* v. *Woods*, 2 Caines 48; *Snell* v.
*Moses*, 1 Johns. 96; *Holden* v. *Dakin*, 4 Johns. 421; *Van
Riper* v. *Ackerman*, 3 E. D. Smith 58; *Gurney* v. *Atlantic
&c. R. R. Co.*, 58 N. Y. 358; *Greenthal* v. *Schneider*, 52
How. Pr. 133; *Dutchess Co.* v. *Harding*, 49 N. Y. 323; *Law-
ton* v. *Keil*, 61 Barb. 558; *Reed* v. *Randall*, 29 N. Y. 360;
*Gaylord Manuf. Co.* v. *Allen*, 53 N. Y. 515; *Dounce* v. *Dowe*,
64 N. Y. 411). Every sale by the exhibition of the article
sold is not necessarily a sale by sample in the technical
sense, any more than an affirmation is necessarily a war-
ranty (*Beirne* v. *Dow*, 5 N. Y. 99; *Waring* v. *Mason*, 18
Wend. 434; *Bartlett* v. *Hoppoch*, 34 N. Y. 118).

There being then no evidence that the sale was by sample,
or that there was any warranty—and it being conceded that
this was an executory contract for the sale of merchandise,
not then in existence, there was an implied warranty that
the goods would be of a merchantable character. This,
however, became waived, by the defendants not examining
them within a reasonable time after opportunity so to do, as
well as by accepting or paying for the goods; likewise this
implied warranty is waived by defendants keeping the goods
and treating them as their own. The implied agreement
that the goods would be merchantable being a *part of the
contract*, and not, like a warranty, *collateral to it*, the defend-
ant, by not rescinding the contract in a reasonable time, or
by accepting them, stipulates that the merchandise is fit and
suitable, and he will not be heard afterwards to deny it
(*Reed* v. *Randall*, 29 N. Y. 358; *Beck* v. *Sheldon*, 48 N. Y.

373; *Dounce* v. *Dowe*, 64 N. Y. 411; *Gaylord Manuf. Co.* v. *Allen*, 53 N. Y. 515; *Greenthal* v. *Schneider*, 52 How. Pr. 133; *Gurney* v. *Atlantic &c. R. R. Co.*, 58 N. Y. 358; *Warren* v. *Van Pelt*, 3 E. D. Smith 202; Story on Sales, §§ 404, 408; Shauler on Sales, 408). Further, it appears that the defects were patent, could be ascertained on inspection, and there was no difficulty in examining the goods on their receipt by the defendants, had they been inclined so to do (See *Barnard* v. *Kellogg*, 10 Wall. 387; *Salisbury* v. *Steiner*, 19 Wend. 158; *Gaylord Manuf. Co.* v. *Allen*, 53 N. Y. 515; *Dutchess Co.* v. *Harding*, 49 N. Y. 324; *Hargous* v. *Stone*, 5 N. Y. 73; *Howard* v. *Hoey*, 23 Wend. 350; Benjamin on Sales, § 652. Same effect, *Morse* v. *Brackett*, 98 Mass. 207; *Bartlett* v. *Drake*, 100 Mass. 176; *Warren* v. *Van Pelt*, 4 E. D. Smith 202; *Greenthal* v. *Schneider*, 52 How. Pr. 133; *Vischer* v. *Greenbank Alkali Co.*, 11 Hun 159; *Weaver* v. *Wisner*, 51 Barb. 638).

The verdict was irregular and improper. It proceeded upon the doctrine of rescission of contract, and awarded a return of the goods upon which the counter-claim was based; instead of awarding, as damages for the pretended breach of warranty, on which only defendants' claim is based, the difference between the value of the goods as it would have been if they were as they were warranted, and the actual condition of the goods (*Voorhees* v. *Earl*, 2 Hill 288, affirmed in *Miller* v. *Eno*, 14 N. Y. 597, 600; *Cary* v. *Gruman*, 4 Hill 625; *Latten* v. *Davis*, Hill & D. Supp. 9; *Comstock* v. *Hutchinson*, 10 Barb. 211; *Roberts* v. *Carter*, 28 Barb. 462; *Prentice* v. *Dike*, 6 Duer 220; *Richardson* v. *Marde*, 53 Barb. 601; 5 Hill 472; *Milburn* v. *Belloni*, 34 Barb. 607; *Fales* v. *McKeon*, 2 Hilt. 53; Sedgwick on Measure of Damages 290. See *Voorhees* v. *Earl*, 38 Am. Dec. 588, and note to s. c. 2 Hill 288).

Again, there is no evidence that the goods were absolutely worthless—nor any evidence whatever that the plaintiffs warranted them to be fit for the purposes alleged—for cloakings; and hence, even on this theory, the verdict is wrong and against the evidence and the law (*Hargous* v. *Ablon*, 3

Brigg *v.* Hilton.

Duer 406; *Roberts* v. *Carter,* 28 Barb. 462; *Milburn* v. *Belloni,* 34 Barb. 607; *Seixas* v. *Woods,* 2 Caines 48).

*Henry H. Anderson,* for respondents.—The goods having been purchased for a particular purpose, stated at the time the contract was made, for cloakings, there was an implied warranty that they would be fit for the purpose, and the defendants, the purchasers, having paid for the goods before the defect was discovered, can recover their damages (*Gautier* v. *Douglas Manuf. Co.,* 13 Hun 514; *Gurney* v. *Atlantic &c. R. R. Co.,* 58 N. Y. 358). Where an article is warranted as fit for a certain purpose, the seller is liable for any injury sustained by the vendee in consequence of its unfitness (*Passenger* v. *Thorburn,* 34 N. Y. 634; *Milburn* v. *Belloni,* 39 N. Y. 53).

Acceptance of the goods and payment by the vendee of the contract price therefor do not constitute a waiver of the defects in the quality (*Dutchess Co.* v. *Harding,* 49 N. Y. 321; *Wells* v. *Selwood,* 61 Barb. 238; *Day* v. *Pool,* 52 N. Y. 416).

Where a person sells goods by sample, he is presumed to warrant that the bulk is of the same kind, and equal in quality with the sample in reference to which the contract is made. In all executory contracts, there is an implied warranty that the thing to be delivered should not bear any remarkable defect, and that if purchased for a particular purpose it should be fit for that purpose (*Waring* v. *Mason,* 18 Wend. 425; *Gallagher* v. *Waring,* 7 Wend. 20; *Howard* v. *Hoey,* 23 Wend. 350; *Beirne* v. *Dord,* 5 N. Y. 95; *Van Riper* v. *Ackerman,* 3 E. D. Smith 58). In such case no rescission of the contract is necessary, nor any offer to return the goods (*Muller* v. *Eno,* 14 N. Y. 597; *Rust* v. *Eckler,* 41 N. Y. 488; *Day* v. *Pool,* 52 N. Y. 416; *Parks* v. *Morris Axe and Tool Co.,* 54 N. Y. 586). A purchaser of goods is not bound to return them in order to entitle him to damages for a breach of warranty. He may claim damages in an action against him for the price, and his defense will not be barred by the continued possession of the goods, by

delay in giving notice to the vendor, nor even by omitting altogether to give such notice, and using or selling the property. These matters only affect the measure of damages (*Renaud* v. *Peck*, 2 Hilt. 137; *Day* v. *Pool*, 52 N. Y. 416; *Muller* v. *Eno*, 14 N. Y. 597).

J. F. DALY, J.—[After stating the facts as above.]— Upon an executory sale of goods, there may be an express warranty of quality, and the vendee may recover damages for breach of the warranty without returning the goods. An express agreement that the goods to be manufactured shall be equal in quality and characteristic in every respect to other goods exhibited at the time, is a warranty, and collateral to the contract of sale.

The presiding judge correctly held, therefore, that the testimony of defendants' witness, Bull, established the warranty, and left to the jury the question of fact as to whether his testimony or Entz's was to be credited. · As the jury found there was a warranty, defendants were entitled to their damages, although they had retained the goods (*Day* v. *Pool*, 52 N. Y. 416).

The question as to whether the acceptance of the goods was induced by a false representation of the vendor, is of no importance on this appeal, as it was of no consequence unless there was no warranty; for it is advanced as a reason for taking this case out of the rule as to executory sales, and for excusing a prompt examination and return of the unmerchantable goods delivered (see opinion General Term in this case, 10 Daly 292).

There was no error in the rulings on the trial calling for a reversal of the judgment. The plaintiffs excepted to allowing Mr. Bull to answer the question, whether the goods were of any value as cloakings, on the ground that there was no warranty that the goods were fit for cloakings. The evidence of plaintiffs themselves, however, was that the goods were intended for ladies' cloakings, and were sold as fancy cloakings and invoiced as such. The evidence was

also admissible on the question of value. Besides, the evidence was given without objection twice before in stronger terms by the same witness. There was no error, therefore, in overruling the objection to it.

Plaintiffs excepted to the court's refusal to allow them to ask Mr. Bull, on cross-examination, what he said to Mr. Entz after the delivery of the goods, and two or three weeks before the trial, when Mr. Entz went up to defendant's place to look at the damaged goods. This question was properly disallowed. It was not proper in cross-examination, as Mr. Bull had not been examined on that point on his examination in chief. It was not admissible against defendants as an admission, because he was not a party to the action. If the object was to impeach his testimony, the proper question was not put. He should have been asked whether he made a particular statement, specifying what it was. But the error, if any, was cured, for plaintiffs had the benefit of the proof afterwards, when Mr. Entz went on the stand and stated all that then occurred between Bull and himself.

The exceptions to the ruling allowing Mr. Gaffikin, a witness for defendants, to compare the goods delivered with the sample cards sent just prior to such delivery, are not well taken. The evidence was pertinent on the question of alleged false representations to induce acceptance of the goods.

The exception to the disallowance of plaintiffs' question to their own witness, Brigg, as to the cost of the goods on the other side, is not well taken. It was not competent on the question of value, and could not affect any other issue.

As to the verdict: the jury, in bringing in their verdict, stated that the goods in question should be returned. This was mere surplusage, and could be disregarded. The amount of the verdict was within the evidence. The jury allowed for 1,970⅝ yards as wholly worthless out of 2,877¼ yards sold. The testimony of the experts, Muller, Tiedeman and Maxwell, showed a greater damage.

The judgment and order appealed from should be affirmed, with costs.

VAN BRUNT, J., concurred.

BEACH, J., dissented.

Judgment and order affirmed, with costs.