Daniels, J.
The object of the plaintiffs in this action was to obtain damages for the breach of contracts for the sale and delivery of cotton. The sale was made upon an order in writing subscribed by the plaintiffs and directed to the defendants, in which it was stated, “You may buy fifty, if full grade, mid., fair, at ten-quarter, landed, if cannot do better. What price for twenty-five spot, same grade?” On the same day defendants answered by telegraph: “We accept your offer,’ ten-quarter, fifty bales.” And the same day the defendants wrote to the plaintiffs a letter repeating their acceptance of the offer of ten and one-quarter cents for fifty bales cotton. The defendants, under authority by letter from the plaintiffs, duplicated the order for fifty bales mid., fair, at ten and three-eighths cents, and filled another order for one hundred bales. The cotton was sent forward to the defendants and received by them, but on examination it proved to be one or two grades inferior to that of middling fair. And evidence was given upon the trial tending to establish the grade of the cotton to have been two grades below that mentioned in the orders received and accepted by the defendants. But as the cotton was delivered to and retained and used and paid for by the defendants, the court, at the trial, held that they had waived their right to complain of this difference in the grade of the cotton, and were not entitled to recover the difference between the price of that ordered and the cotton-received by them.
This construction of the agreement, and the effect of the delivery of the cotton, was altogether too favorable to the defendants. For where a contract has been entered into, as this was, for a specified quality or grade of cotton, it could only be performed by the delivery of that particular grade of the article. The correspondence by telegraph and *435 letters resulted in an agreement by which the defendants undertook, for the prices mentioned, to deliver cotton of this grade to the plaintiffs. And if they failed to do that, their contract was not performed, and retaining and using the cotton by the plaintiffs did not excuse that non-perform-once. The rule may very well be otherwise where a merchantable article of the property is aE that is required to fulfill the agreement, but that was not the contract entered into between the plaintiffs and the defendants. It was not an agreement to deliver a merchantable article of cotton, which, upon its receipt by the defendants, they might have accepted in fulfillment of the agreement, even though it should prove to be of an inferior quahty, but it was for the sale of a particular grade of the article to be delivered. And where such a contract of sale is entered into, it can only be performed by the defivery of the article agreed to be sold, and the subsequent use of it by the vendee will not relieve the vendor from liability for damages for the non-performance of the agreement.
In Dounce v. Dow (64 N. Y., 411) the contract of sale was for the defivery of X X pipe iron, and that was held by the court to be a warranty that the iron delivered was of that particular grade. And on this principle it was held in Hawkins v. Pemberton (51 N. Y., 198) that in the sale of an article caUed blue vitriol the vendees were not liable for damages for refusing to receive an article which turned out to be what was known as Solzburger vitriol, composed of blue and green vitriol. And in Day v. Pool (52 N. Y., 416) an action for the recovery of damages for the breach of an agreement for the sale of rock candy syrup was maintained for the reason that the syrup did not conform to the agreement under which the sale was made.
■ The samé rule was applied under circumstances quite like those in the present case in Brigg v. Hilton (99 X. Y., 517). And it was again followed in Kent v. Friedman (101 X. Y., 616). And these authorites certainly so far supported the plaintiff’s right to maintain this action, as to require the case to be submitted to the jury. In support of the judgment it has been urged that no evidence was given from which the jury would have been at liberty to award damages in favor of the plaintiffs, but they offered precisely that description of evidence and it was excluded under the objections made on behalf of the defendants.
While the cotton was being received and had partially been used the defendant Dean was at the plaintiff’s place of business, and his attention was directed to the fact that the cotton was of an inferior grade to that which had been ordered. And evidence was given tending to establish -the fact that upon an examination of the bales of the cotton it
*436 was conceded by Mr. Dean that.it was of an inferior grade, and. that it was then arranged that the plaintiffs should proceed with the use of the cotton, and the difference in its value be afterwards settled between the parties. Without specially considering the effect of this evidence it may safely be added that it was sufficient to submit the question of fact, whether such an agreement had been made, to the decision of the jury. - And, if it had been found by them, as it was asserted on behalf of the plaintiffs, then they were excused from refusing to receive and retain the cotton at the peril of losing their claim for indemnity for its diminished value arising out of inferiority of grade. Such an agreement would be entirely legal between the parties. The consideration for it was the waiver of the plaintiffs’ right to refuse and return the cotton, which they might have done, certainly as to one or more of the purchases, even if that was necessary to protect them against liability, for the payment of the purchase price. The effect of the agreement was to induce them to surrender that right and to retain and use the cotton with tileunderstanding that indemnity would be made to them, for the difference in the price of that which was delivered, and that they were entitled to have under their contract of purchase. Under this arrangement, even if without it there had been no case for the jury, the plaintiffs were entitled to have their claim for damages, arising upon this agreement, submitted to the jury for their decision. In neither view was the case one for the dismissal of the plaintiffs’ complaint, and the judgment entered upon it should be reversed, and a new trial ordered with costs to tho plaintiffs to abide the event.
Van Brunt, P. J., and Brady, J., concur.