Bradley, J.
—The action was brought to recover the amount of the balance alleged to be due the plaintiffs of the price of Williams’ patent evaporator sold by them to ' the defendants. The contract for the sale was executory in character, was made between the parties in August, 1880, and by it the plaintiffs agreed to manufacture, furnish to the defendants on the twentieth of that month, and set up in good working order, Williams’ patent evaporator, No. 3, having an evaporating capacity of 150 bushels of apples or peaches in twenty-four hours, for $800, which the defendants agreed to pay. The machine was furnished and set up by the plaintiffs, and the defendants proceeded to operate it.
The questions within the issue, and as presented at the trial, were:
First. Did the plaintiffs perform the contract on their part?
Second. If they did not, did the defendants accept the machine?
Third. Was it accepted under circumstances which did or did not entitle them to recover damages as for breach of warranty?
As .the appeal is only from the judgment entered on the verdict, the questions on this review are those only which are represented by the exceptions taken by the defendants.
In respect to the first question, whether the plaintiffs *701 performed the contract on their part, the evidence was conflicting, and involves the consideration of no exception. And the same may be said of the evidence upon the question whether the defendants accepted the machine. The court charged the jury that in case the defendants settled with the plaintiffs and accepted the machine, supposing that it was in all respects a compliance with the contract, and were at the time in that respect mistaken, and it was not so, and if they were not guilty of negligence in not discovering the defects, they would be entitled to damages. “If, however, they were guilty of negligence in not having discovered the defects, then they could not recover.” No exception was taken to this charge, but the defendants’ counsel requested the court to charge the jury that one day’s operation was not sufficient to charge them with negligence, which the court refused to charge, and did charge that the question was one of reasonable time, and that was for the jury. The exception had relation to the request made, and in that view there was no error, because, so far as the question of diligence or negligence was legitimately involved, the question was one of reasonable time and wholly for the determination of the jury.
And as the exception did not go to the charge before mentioned as made, it is unnecessary to consider the question whether an exception to it would have been well taken.
There was a question as to the capacity of the machine. And the defendants gave evidence tending to prove that it would not evaporate 150 bushels of apples in twenty-four hours, but that its productive capacity was less than half that quantity. The plaintiff thereupon called a witness who had used, the No. 3 machine, and had seen other like machines work, but had not seen the machine in question, and asked him, “What do you say, from your experience in running one of these evaporators such as has been described, would be the capacity, running in the ordinary way for twenty-four hours, of a No. 3 Williams evanorator ? ”
The objection being overruled and exception taken the witness answered, “One hundred and fifty bushels of apples it will dry in twenty-four hours.”
It was not material to prove what work any other machines, than the one in question, would do, and unless this evidence was such as necessarily tended to prove that fact, it was incompetent.
It appeared that the structure was treated as patented, that there was one designated as Williams’ Patent Evaporator No. 3; that the one the witness had used was the same kind as that in question and manufactured at the same *702 place. So far, therefore, as related to the capacity, the inference is required that they were the same, because like causes produce like effects, if all the conditions are the same. An exactly similar furnace, having a like fire-pot and equal draft, would, by the use of fuel in like quantity and quality, heated to the same degree, produce a like quantity of heat and its effect would be the same in both cases. This may not have been evidence of the capacity actually developed by the use of the machine in question, but related to its capacity, assuming that it was perfect in all its parts. And we think it was competent to that extent. And any defects which went to impair its productive power may have been the subject of proof. And the evidence bearing upon the results of its use presented a question as to whether it came up to the standard required by the contract.
After this evidence was introduced, it appeared that within the year before this machine was set up for the defendants, there had been some change made by which the cold air was'let into the outer space of the two casings near the top of the heater instead of at the bottom, as in those previously used, and went down to the bottom, and there passed into the space between the inner casing and the heater and up in that space into the drum and thence into the tower, where the fruit is taken through the process of evaporation.
The machine which the witness had used was that having the means formerly provided of taking the cold air in at the bottom and permitting it to pass directly up the outer space and out at the top of it, and in that respect differed from this one. By reason of this change so appearing, the defendants’ counsel requested the court to instruct the jury to disregard that evidence of the witness. The court declined to so instruct the jury, and exception was taken. This was the only difference in the machines and their operation. And the evidence tended to prove, and such would seem to be the fact, that the later method of introducing the cold air and passing it down and then up next to the heater, as it was done, would enlarge the evaporating power' of the heated, air and increase the capacity of the evaporator, and that it had the merit of diminishing the quantity of coal requisite to operate it. And so far as relates merely to the question of capacity, which is the only view to which the evidence was directed, we think it was still properly in the case for the consideration of the jury. Nothing need be added in reference to like exceptions taken to the introduction and consideration of the evidence of another witness in respect to the capacity of the structure.
*703 The machine, with which he was familiar, had the means of reception and emission of air like the one in question.
The defendants gave evidence tending to prove that some portion of the apples were scorched and thus colored some while in the process of evaporation, with this machine, and then made of the witness the enquiry as to what was the market value of the apples cured by the machine, what were the apples cured by it worth, and offered to prove the difference in value of the fruit dried by it and that of fruit dried in first-class manner, and being excluded, exceptions were taken The fact that the contract of sale is executory does not deny to the vendee the right after acceptance to make an express warranty furnished by it available in support of a claim for damages sustained by its breach. Day v. Pool, 52 N. Y., 416; Brigg v. Hilton, 99 id., 517.
While the defendants alleged that the plaintiffs undertook that the machine had the capacity of 150 bushels in twenty-four hours, and should do first-class work; that there was a breach of the undertaking, and that damages resulted, there is no allegation in the answer of damages of the character of those sought to be proved by the rejected evidence or of any special damages caused by the breach. This was probably the reason the evidence was excluded. -
And this was without error as in the absence of allegations of special damages, it may be assumed for the purposes of the trial that the damages in view are such only as may reasonably be supposed to have been within the contemplation of the parties when the contract was made. And that rule, as applied to breach of warranty on the sale of personal property in respect to its character or quality, embraces damages measured only by the difference between the value of it as it was and the value if, as warranted, it would have had. Squier v. Gould, 14 Wend., 159; Voorhees v. Earl, 2 Hill, 288; Muller v. Eno, 14 N. Y., 598, 606.
The exclusion of the answer to the question asked a witness whether for the purposes for which the machine was designed it had any value, was followed by an answer by the same witness, of another question, that the machine was worth nothing.
This seems to fender it unnecessary to consider the exception taken to the exclusion of the answer to the former one, which we think was objectionable in form.
These views cover all the exceptions which seem to require any consideration.
The judgment should be affirmed.
Barker, P. J., and Dwight, J., concur.