### CHASE *et al.* v. EVARTS.

*(Supreme Court, General Term, Second Department.   July 22, 1892.)*

**1. SALE—ACTION FOR PRICE—PAROL EVIDENCE OF WARRANTY.**
In an action for the price of nursery stock sold by an agent on a written order therefor signed by defendant, defendant may give parol evidence of a warranty by plaintiffs, and that the stock did not come up to the warranty.

**2. SAME—WRITTEN CONTRACT—EVIDENCE.**
In such case, though plaintiffs may have signed the order for the stock, yet in the absence of evidence that the order, which remained in the hands of the agent, was accepted in writing by plaintiffs, and defendant notified thereof, or that the agent executed an acceptance at the time of the order, or notified defendant of a subsequent acceptance, it does not appear that there was any written contract between the parties.

**3. SAME—EXPRESS WARRANTY—ACCEPTANCE—ESTOPPEL.**
Where there is an express warranty on the sale of goods to be delivered, the buyer is not estopped by accepting the goods; but he can retain the same, stand on his warranty, and recover for the breach.

Appeal from circuit court, Queens county.

Action by Roscoe G. Chase and others against Charles M. Evarts. From a judgment for defendant, plaintiffs appeal. Affirmed.

Argued before BARNARD, P. J., and CULLEN, J.

*Edward Cromwell,* for appellants.   *Ira Leo Bamberger,* for respondent.

PRATT, J. This is an appeal from a judgment for the defendant on the decision of the court before which the case was tried without a jury. The complaint was for trees, shrubs, and nursery stock sold and delivered. The defense was breach of warranty, and that the articles were worthless. It is claimed that the contract of sale was in writing, and that the court erred in admitting parol evidence of a warranty by the plaintiffs. The defendant denied signing any contract, and the trial court found this question in his favor. This finding we are asked to reverse as against the weight of evidence. Even if the finding was erroneous, this would not make the evidence improper. The defendant was entitled to present any evidence which would be competent on the most favorable findings in his favor of any facts in dispute. We think the court did not err in its disposition of this question of fact.

The contract alleged to have been signed by the defendant was in form an order to the plaintiffs to deliver certain articles. At the end of the order is a

printed form of acceptance to be signed by plaintiffs' agent. If the defendant did actually sign the order, it would not constitute a contract till accepted in writing by the plaintiffs, and the defendant notified of the fact. The instrument remained in the hands of the agent. There is no evidence that he executed the acceptance at the time the order was given, or that any notice was given to the defendant of a subsequent acceptance. There was therefore no written contract between the parties.

It is next claimed that defendant was estopped by his acceptance of the goods. The court found an expressed warranty. In such case the vendee is not bound to return, or to offer to return, the property. He may retain the same, stand on his warranty, and recover damages for the breach. *Day* v. *Pool*, 52 N. Y. 416. The evidence established a breach of the warranty, and that the property was wholly worthless. The defendant's damages were therefore the full purchase price of the property.

The judgment appealed from should be affirmed, with costs.