HUBERT M. BYRNE, Respondent, *v.* SAVOY SHIRT COMPANY, Appellant.

First Department, December 16, 1921.

Sales — action for purchase price of cotton goods — defense of breach of warranty that goods delivered were of grade known as " mercerized special " and that goods were not shipped within time required — evidence — error to exclude buyer's order for goods where it is referred to in order of seller — intent of parties was that two orders taken together should constitute contract — contract construed to require delivery of grade of goods known as " mercerized special " — evidence indicating rejection of goods within reasonable time and representations as to shipment erroneously excluded.

Where in an action for the purchase price of cotton goods to which a defense of breach of warranty was interposed that the goods delivered were not of the grade known as " mercerized special " as required by the contract and that the goods were not shipped within the time required, it appears that the buyer gave an order for the goods in writing designated " Order No. A409;" that on the same day the seller sent to the buyer a subsequent order described as a copy of order No. 88 placed with the buyer which contained a reference to the buyer's order as follows: " Customer's order, No. A409;" that the buyer's order provided for deliveries in June and July, while that of the seller differed only in the notation " Sooner if possible;" and that the orders were identical as to color, quantity and price save that the seller's order described the goods as " Favorite Repp " and omitted the further description contained in buyer's order, viz., " Merc. Spec.," meaning mercerized special, it was error for the trial court to exclude from the evidence the buyer's order referred to in the copy order of the seller which was admitted, as it was apparently the intention of the parties that the two taken together should constitute the contract.

Construing the two orders as one contract, it was the duty of the seller to deliver to the buyer goods of the grade known as " mercerized special."

The action is based on an express contract of sale requiring delivery of " mercerized special " cotton goods, and, as the plaintiff did not show delivery of that grade of goods and the defendant was not permitted to present its evidence on which it claims to have rejected the goods after examination and within a reasonable time, the recovery cannot be sustained.

The contract called for deliveries in June and July, but while the goods were invoiced on July thirtieth, they were not shipped till August tenth. One case was received on August thirty-first and the other on September twenty-fourth. On September fourteenth, after examination of the first case, the defendant objected to the quality of the goods. It cannot be

said, therefore, on the evidence, that as a matter of law the defendant did not reject the goods within a reasonable time and offer to return them. Hence, it was error to exclude the evidence offered by the defendant to the effect that the assignor was notified within a reasonable time after the receipt of the first shipment and before a second shipment arrived, that the goods were not of the quality or grade required by the contract and that the defendant rejected and offered to return them.

With respect to defendant's claim that the goods were not shipped within the time stated in the contract, the trial court should have received evidence offered by the defendant concerning defendant's representations as to when the goods were shipped, and as to when it ascertained that shipment was not made until after the expiration of the time stated in the contract.

APPEAL by the defendant, Savoy Shirt Company, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of New York on the 17th day of May, 1921, upon the verdict of a jury rendered by direction of the court, and also from an order entered in said clerk's office on the 20th day of May, 1921, denying defendant's motion for a new trial made upon the minutes.

*J. Nathan Helfat* of counsel, for the appellant.

*Gerald B. Rosenheim* of counsel, for the respondent.

LAUGHLIN, J.:

This is an action on a claim assigned to the plaintiff by the Columbia Textile Company, a Massachusetts corporation, to recover the purchase price of cotton goods sold and delivered by the assignor to the defendant, a New Jersey corporation. The answer put in issue all of the allegations of the complaint excepting those with respect to defendant being a New Jersey corporation and having a place of business in New York city; and as a separate defense and offset, defendant pleaded various breaches of warranty, and particularly that the goods delivered were not of the grade known as " mercerized special," as required by the contract, and that they were not shipped within the time required by the contract, but that the assignor represented that they had been timely shipped, and that he invoiced them to defendant as having been shipped on July thirtieth, which was within the contract period, and thereby misled the defendant.

The contract was negotiated by a salesman employed by

the assignor, who called at defendant's place of business on the 17th of November, 1919, and had an interview with its president, and after examining and selecting goods, defendant's president gave him an order in writing designated "Order No. A409" on an order form in use by it and dated that day, and to the effect that the defendant bought of the assignor 100 pieces of white shirting goods described as "Repp 36 In. Merc. Spec. Favorite Repp" at fifty-two cents per yard. That order has on its face the following:

"O. K.

"H. M. B."

and it is stated in the appellant's points that this was written by the plaintiff, who was then the credit man for the assignor, and constituted an approval of the credit; but that was not shown by the evidence. The court excluded this order, which was marked for identification, on the ground that the contract was evidenced by a subsequent order given by the assignor under the same date and mailed to the defendant on the twenty-sixth of November and accepted in writing by its treasurer. The assignor's order, which the court deemed the contract, was in triplicate. It was on the form in use by the assignor, and contained a printed request that the assignor be notified at once if it was incorrect in any particular. It is described at the top as a copy of the assignor's order No. 88 placed with the defendant; and to the left of this it contains a reference to the defendant's order as follows:

"Customer's order

"No. A409."

The defendant's order provided for deliveries in June and July, 1920, and the assignor's order in that respect is the same, excepting that there is added thereto, "Sooner if possible." Both orders are for the same color, number of pieces, width and price, but the assignor's order described the goods as "Favorite Repp" and omitted the further description contained in the defendant's order, viz., "Merc. Spec.," meaning mercerized special. Defendant admitted that it accepted the assignor's order, but objected to its admission in evidence unless accompanied by the defendant's order to which it refers. Its objection was overruled and the assignor's order was received in evidence; and the court ruled that it

alone constituted the contract. A formal stipulation by the parties was read in evidence. It was to the effect that on the 10th of August, 1920, the assignor shipped from Easthampton, Mass., where it manufactures goods, to the defendant at Paterson, N. J., by rail, two cases of goods, containing 5,996 yards in the aggregate, and that one of the cases was received by the defendant on the 31st of August, and the other on the 24th of September, 1920, and that the goods so shipped and delivered to the defendant by the assignor were intended by it to be in compliance with the contract in question; and that on the 30th of July, 1920, the assignor mailed to the defendant an invoice for all the goods, containing a notice that no allowance would be made on goods after they had been sponged or cut, and describing them as " Favorite Repp White."

At the close of the plaintiff's case defendant moved for a dismissal on the ground that the plaintiff had failed to prove that the goods delivered were in accordance with the contract. The motion was denied and it excepted. The court on plaintiff's objection excluded all conversation between the assignor's salesman and the defendant's president at the time the order was negotiated with respect to the quality of the goods, and particularly with respect to whether they were to be mercerized, and to the difference in price between goods mercerized and not mercerized. Defendant offered to call an expert to show that the goods were not mercerized, and the plaintiff thereupon conceded that the defendant's witness would so testify, but objected to the relevancy or materiality of the testimony and declined to concede that it was true. Defendant's president, however, testified that the goods received were not mercerized, and that stands uncontroverted. After the receipt and examination of the first shipment, defendant on September fourteenth by mail requested the assignor to call and see its president at its earliest convenience. Defendant's president testified, in substance, that the assignor's salesman called upon him pursuant to that request; and the defendant offered to show the conversation between them and that the defendant then made the claim that the goods were defective and offered to return them; but on the plaintiff's objection, the court excluded the evidence and the defendant

excepted. A letter from the assignor to the defendant, under date of September twenty-fourth following, and referring to the interview between the salesman and defendant's president, and defendant's answer thereto on October sixth were offered in evidence by the defendant, but they were excluded on plaintiff's objection, and were marked for identification. The assignor in its said letter of September twenty-fourth did not deny that the contract called for the delivery of goods known as " mercerized special," but insisted that the goods delivered answered that description. Defendant's answer thereto expressed surprise at the claim that the goods were mercerized special, and stated that it would stand on its rights as to the delivery date, and that the goods were bought for June and July delivery and were delivered to the carrier on August tenth, and, therefore, it requested the assignor to give it shipping instructions on the two cases of goods, and stated that the second case had just been received. Defendant also offered to show when it first ascertained that the goods had been shipped on the thirtieth of July, as indicated by the invoices, but on the plaintiff's objection the court excluded the evidence as immaterial. Counsel for the defendant stated that it was offered for the purpose of showing when defendant discovered that the goods were not shipped, as represented, within the contract period, but the court ruled that the defendant accepted them and that, therefore, it was immaterial whether they knew that the goods had not been shipped in time. The evidence showed deliveries to the defendant, but there is no evidence of acceptance after an examination, and if the excluded evidence had been received, it might have shown, as claimed by defendant, a defect in the goods.

The order which the plaintiff claims constituted the contract was not signed by the assignor. It merely contains an acceptance by the defendant, and it purports to be *a copy* of an order. I am of opinion that the court erred in excluding the defendant's order. It is referred to in the copy order of the assignor, and I think that the parties intended that the two taken together should constitute the contract. (See *Rogers* v. *Smith,* 47 N. Y. 324; *Hunt* v. *City of Utica,* 23 Barb. 390; affd., 18 N. Y. 442; *White* v. *Hoyt,* 73 id. 511; *Knowles* v. *Toone,* 96 id. 536; *Thomas* v. *Scutt,* 127 id. 133; *Chase* v. *Evarts,*

19 N. Y. Supp. 987; 13 C. J. 528, 530.) If so, it became the duty of the plaintiff to deliver to the defendant goods of the grade known as " mercerized special." If there were any doubt on this point arising on the two orders, it would be removed by the assignor's letter to the defendant under date of September twenty-fourth, marked for identification, in which it recognized its obligation to deliver mercerized special.

Plaintiff has recovered on an express contract, and since, as we construe it, it required the delivery of the grade of goods known as " mercerized special," and such delivery was not made, and the defendant was not permitted to present its evidence on which it claims to have rejected the goods after examination and within a reasonable time, the recovery cannot be sustained. The evidence offered by the defendant and excluded might have shown, as claimed by the defendant, that the assignor was notified by defendant within a reasonable time after the receipt of the first shipment and an opportunity for examination thereof, and before the second shipment arrived, that the goods were not of the quality or grade required by the contract, and that the defendant rejected and offered to return them. It cannot be said on the evidence, at least not on the evidence with respect to the second shipment, that as matter of law defendant did not reject the goods within a reasonable time; and, therefore, the evidence offered by defendant with respect thereto should have been received, for, at least, it might have presented a question of fact for the jury with respect to both shipments. (Pers. Prop. Law, §§ 128, 130, as added by Laws of 1911, chap. 571.) Without expressing an opinion on the merits of the defendant's claim with respect to the shipments having been made too late, we think the court should have received the evidence offered by defendant concerning defendant's representations as to when the goods were shipped, and when it ascertained that they had not been shipped until August 10, 1920.

It follows that the judgment and order should be reversed and a new trial granted, with costs to appellant to abide the event.

CLARKE, P. J., SMITH, MERRELL and GREENBAUM, JJ., concur.

Judgment and order reversed and a new trial ordered, with costs to appellant to abide event.